UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OVLAS TRADING, S.A.** | * | **CIVIL ACTION** |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **NO. 08-4681** |
| | * | |
| **SNOW CRYSTAL SHIPPING, LTD.,** | * | |
| **HOLY HOUSE SHIPPING A.B.,** | * | |
| **CRITICAL SHIPPING, LTD.,** | * | **SECTION "A" (2)** |
| **CAPE REEFERS (PTY), LTD.,** | * | |
| **UNIVERSAL REEFERS, LTD.,** | * | |
| **HYRAM MARITIME, S.A.L.,** | * | |
| **COOPER T. SMITH STEVEDORING CO, INC.,** | * | **JUDGE** |
| **COOPER/CONSOLIDATED, &** | * | **ZAINEY** |
| **CSA EQUIPMENT COMPANY, L.L.C.,** | * | |
| **NEW ORLEANS COLD STORAGE AND** | * | |
| **WAREHOUSE COMPANY, LTD.** *in personam* | * | |
| **& M/V SNOW CRYSTAL, her engines, boilers,** | * | **MAG.** |
| **tackle, furniture, apparel, etc.,** *in rem* | * | **WILKINSON** |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN RESPONSE TO SHOW CAUSE CALL DOCKET ORDER (DOC. 19) ISSUED BY HON. JAY C. ZAINEY FEBRUARY 27, 2009

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel comes Plaintiff, cargo claimant, Ovlas Trading, S.A. ("Ovlas"), and responds to this Court's Call Docket Order (Doc. 19) and

reports on the present status of this suit. After a Telephone Conference Call with counsel for all parties on March 10, 2009, the below listed facts set forth the present status of the suit.

## CALL DOCKET STATUS REPORT

1) A fire occurred aboard the M/V SNOW CRYSTAL on October 3, 2008 and two other non-fire minor incidences on October 15 and 16, 2008 while the ship was moored at Poland Street Wharf. The fire was extinguished, but the ship was delayed.

2) The fire resulted in cargo damage to frozen chicken loaded aboard and then discharged and disposed of (estimated at $421,000.00). Vessel damage (estimated at $275,000.00) and for a delay claim (estimated at $225,000.00).

3) Suit was filed by the cargo owner, Ovlas Trading, S.A. ["Ovlas"] (represented by William E. O'Neil of The O'Neil Group, L.L.C.) on October 17, 2008 against a) the vessel Owner, Snow Crystal Shipping, Ltd. ["Snow Crystal"] (represented by Kevin LaVie of Phelps Dunbar), b) the Manager of the vessel, Holy House Shipping, A.B. ["Holy House"] (represented by Kevin LaVie of Phelps Dunbar), c) the Time Charterer, Universal Reefers, Ltd. ["Universal"] (represented by Dan Tadros of Chaffe McCall), d) the Voyage Charterer, Hyram Maritime, S.A.L. ["Hyram"] (represented by Beauregard Gelpi of Wagner & Bagot), e) the Stevedore, Cooper T. Smith, et al. ["Cooper"] (represented by Jason Waguespack and David Loria of Galloway Johnson) and f) New Orleans Cold Storage and Warehouse Company, Ltd. ["NOCS"] (represented by Lawrence Abbott, Charles Abbott and Christine Bruneau of Abbott Simses).

4) Due to concern regarding ship departure, Plaintiff, Ovlas, filed Motion for Expedited Depositions, Production of Documents and Inspection of Vessel and Attached Documents (Doc 2), which the court granted (Docs 4 and 5). A Letter of Undertaking was

2

issued to Ovlas and/or its underwriters on November 4, 2008 by the Assuranceforeningen Gard, the P&I Club for the vessel. No Vessel arrest was necessary.

5) All Defendants have been served except for Critical Shipping, Ltd. and Cape Reefers (PTY), Ltd. who, in all likelihood, will be dismissed without prejudice prior to a Fed. R. Civ. P. 16 Scheduling Conference to be set by the Court. Answers, Cross Claims and Statement of Corporate Disclosure has been filed by NOCS and Answer and Cross Claims by Cooper et al., with Answers and/or other pleadings or papers expected to be filed by the remaining Defendants no later than Tuesday, March 17, 2009.

6) Depositions of six crew members were taken during October 20 and 22, 2008. The depositions of stevedores and others are to be scheduled.

7) During each of the depositions taken, the Owner, Time Charterer and Voyage Charterer reserved all rights under applicable charter parties, including the right to arbitration, if appropriate.

8) The M/V SNOW CRYSTAL remained at the Poland Avenue Wharf from October 2, 2008 until approximately November 19, 2008, at which time the Owner's Agents issued Bills of Lading and the Vessel departed for ports in Africa.

9) Shortly after the fire, the Plaintiff and certain Defendants retained Fire Experts. The Fire Experts, United States Coast Guard, New Orleans Fire Department and Bureau of Alcohol, Tobacco, Firearms and Explosives' investigator reports have not yet been issued, but preliminary thoughts regarding fire causation by those who investigated are <u>somewhat</u> aligned.

10) All parties agree that based on information in hand, a Fed. R. Civ. P. 16 Scheduling Conference should be set any time after March 31, 2009 to establish discovery time, cutoffs, motions, trial date, and parties to be dismissed.

11) All represented parties (hereinafter "parties") have conferred and discussed, in very general terms, the possibility of settlement, which may be aided by a conference with Magistrate Wilkinson before further activity is incurred.

12) The key issues before the Court are the liability *vel non* of the parties and damage supports. The claims asserted by Plaintiff include *in rem* and *in personam* claims including claims against the Vessel, carriers, terminal operators and stevedores based on breach of duties, negligence, unseaworthiness, *res ipsa loquitor*, breach of implied or express warranties of workmanlike service, breach of maritime safety regulations, negligence *per se* and breach of contract.

13) Snow Crystal, Holy House, Universal and Hyram contend that each, individually, is not liable, as the fire occurred without any negligence on the part of anyone for whom they individually may be responsible. Each intends to plead the U.S. Fire Statute, the COGSA Fire Defense and the terms of all applicable charters, contracts of affreightment and bills of lading in defense of these claims. Each intends to file cross claims against Cooper and NOCS for its potential liability for the alleged cargo damage, its potential liability for the alleged damages sustained as a result of the fire.

14) NOCS contends that it is not liable in this matter, as any injuries or damages claimed by any other party to this case occurred without negligence or other culpability by NOCS or anyone for whom it may be responsible. NOCS intends to file a Motion for Summary

Judgment on such grounds. NOCS pleaded multiple defenses within its Answer in this case and reserves its right to rely on and assert any and all other defenses and assert cross-claims as they become available by law and/or during discovery.

15) Cooper denies liability and asserts, among other defenses, that any damages were caused by parties over whom Cooper had no control and for whom Cooper is not responsible.

16) In the Telephone Conference Call held with Plaintiff and all parties on March 10, 2009, it was agreed that the information provided in this Memorandum is preliminary and submitted without prejudice to the parties filing additional pleadings, defenses, amendments, motions or the like as the matter moves forward. Accordingly, the parties respectfully and expressly reserve and do not waive any and all rights to which they are each entitled, including but not limited to other claims, defenses and discovery.

## CONCLUSION

It is respectfully requested that this Court, having received this Memorandum, will schedule a Fed. R. Civ. P. 16(b) Scheduling Conference after March 31, 2009, at a date convenient to the Court.

Respectfully submitted,

THE O'NEIL GROUP, L.L.C.

BY: /s William E. O'Neil
WILLIAM E. O'NEIL, La. Bar No. 10213
The O'Neil Group L.L.C.
3000 26th St., Suite D
Metairie, LA 70002
P (504) 833-4770; F (504) 833-4770
weo@theoneilgroup.com

ATTORNEY FOR OVLAS TRADING, S.A.

5

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on March, 12, 2009, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

>BY: /s William E. O'Neil
>WILLIAM E. O'NEIL, La. Bar No. 10213
>ATTORNEY FOR PLAINTIFF, OVLAS TRADING, S.A.
>THE O'NEIL GROUP, L.L.C.
>3000 26th St., Suite D
>Metairie, LA 70002
>Phone: (504) 833-4770
>Fax: (504) 833-4770
>Email: weo@theoneilgroup.com