UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OVLAS TRADING, S.A. | CIVIL ACTION |
| VERSUS | NO: 08-4681 |
| SNOW CRYSTAL SHIPPING, LTD., ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment on the Cross-Claim Brought by Universal Reefers, Ltd. (Rec. Doc. 61)** filed by Defendants Cooper/T. Smith Stevedoring Company, Inc., Cooper/Consolidated, CSA Equipment Company, LLC, and New Orleans Cold Storage. Cross Claimant Universal Reefers, Ltd. opposes the Motion. The Motion, set for hearing on February 3, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is DENIED.

## I. BACKGROUND

On May 10, 2005, Universal Reefers, Ltd. ("Universal") entered into a time charter with Cross Claimant Snow Crystal Shipping, Ltd. ("Snow") for the use of its vessel, the M/V SNOW CRYSTAL, for the period of January 1, 2006 through December 31, 2009. Statement of Uncontested Facts in support of the Motion for Summary Judgment on the Cross-Claim Brought

by Universal Reefers, Ltd. ("SUF"), ¶ 1; Response to Defendants' Statement of Uncontested Material Facts and Cross-Plaintiff's Statement of Contested Material Facts ("RSUF"), ¶ 1. Later, on September 19, 2008, Universal entered into a voyage charter with Hyram Maritime, S.A.L. ("Hyram") for the use of the M/V SNOW CRYSTAL to transport cargo on a single voyage. SUF at ¶ 2; RSUF at ¶ 2. Hyram then contracted with Ovlas Trading, S.A. ("Ovlas") to ship a quantity of frozen chicken from New Orleans, Louisiana to Luanda, Angola. SUF at ¶ 3; RSUF at ¶ 3. Ovlas duly transported approximately 425 megatons of frozen chicken to the Poland Avenue Warf in New Orleans, Louisiana that was to be shipped to Luanda, Angola aboard the M/V SNOW CRYSTAL. SUF at ¶ 4; RSUF at ¶ 4 ("Universal does not believe that Ovlas transported the chicken in question, but instead Ovlas arranged for the transportation of the chicken. Regardless, this fact would appear immaterial to the present motion.").

Ovlas contracted with New Orleans Cold Storage ("NOCS") to store and load the cargo. SUF at ¶ 5; RSUF at ¶ 5. NOCS in turn contracted with CSA Equipment Company, LLC to load the cargo onto the M/V SNOW CRYSTAL.[1] *Id.* The Cooper stevedores began loading the cargo onto the M/V SNOW CRYSTAL on October 2, 2008. SUF at ¶ 6; RSUF at ¶ 6. On the next day, the stevedores completed loading the "E" deck of hold number two aboard the M/V SNOW CRYSTAL and broke for lunch. SUF at ¶ 7 (the stevedores completed loading the E deck "at approximately 12:45 p.m."); RSUF at ¶ 7 ("based on Cooper's own records, the stevedores worked until 1:00 p.m."). The stevedores later returned from lunch and began work

---

[1] The Court assumes, based on their apparent unity of interest, that Cooper/T. Smith Stevedoring Company, Inc., Cooper/Consolidated, CSA Equipment Company, LLC and New Orleans Cold Storage are related entities. Their precise relationship is unclear from the record. For the sake of simplicity, the Court will refer to them collectively as "Cooper."

in the "D" deck of hold number two. SUF at ¶ 9 ("At approximately 2:45 p.m., the stevedores returned to work, this time within the 2D hold"); RSUF at ¶ 9 ("Cooper's own records indicate that the stevedores returned to work at approximately 2:00 p.m."). Some period of time afterwards (described by CSA as "short" and by Universal as "approximately 45 minutes after [the stevedores] began work"), they noticed smoke and fire coming from the E deck. SUF at ¶ 10; RSUF at ¶ 10. The vessel was evacuated and the fire was eventually extinguished, but not before it damaged some of the cargo as well as the vessel itself. SUF at ¶¶ 11-12; RSUF at ¶¶ 11-12.

Ovlas filed suit for the loss of its cargo against Snow, Universal, Hyram and Cooper. Verified Complaint and Attached Document, ¶¶ 4-34. Cooper asserted an indemnity claim against Snow. Answer and Cross-Claim of Cooper at ¶¶ 8-9. Universal asserted indemnity claims against Cooper. Answer and Cross-Claim of Universal, ¶¶ 46-47 ("Universal Cross-Claim"). Hyram likewise asserted cross claims against Cooper for indemnity, as well as claims for demurrage damages. Hyram's Cross-Claim, ¶¶ 9-14. Finally, Snow asserted claims against Cooper for contribution, for damages to the M/V SNOW CRYSAL, and for clean-up costs. Answer to Cross-Claim of Cooper and Cross-Claim of Snow Crystal Shipping, Ltd. and Holy House Shipping A.B. against Cooper and New Orleans Cold Storage, ¶ 14. Ovlas' claims were resolved amicably and Ovlas was dismissed from this action, leaving only the various cross-claims among the remaining parties. July 14, 2009 Order of Dismissal.

Cooper now moves for summary judgment on the claims asserted against it by Universal. Defendants' Memorandum in Support of Motion for Summary Judgment on the Cross-Claim

3

brought by Universal Reefers Ltd. ("Motion"), pp. 4-5. Though styled as a summary judgment motion, in essence Cooper's Motion attacks the sufficiency of Universal's cross-complaint. Cooper argues in the alternative that Universal's indemnity claims against it should be dismissed, or at least stayed, because they are not yet ripe.

## II. STANDARD

Courts "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *citing Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez*, 577 F.3d at 603, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Gonzalez, 577 F.3d at 603, *quoting Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (citations, internal quotations, and alterations omitted). "In determining whether a complaint states a claim that is plausible on its face, the court 'draw[s] on its judicial experience and common sense.'" *Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*, No. 08-20338, 2009 WL 3698085, at *4 (5th Cir. Nov. 6, 2009),

*quoting Iqbal*, 129 S.Ct. at 1950.

### III.  DISCUSSION

####   a.    The Sufficiency of Universal's Claim against Cooper

Cooper argues that Universal does not have a valid claim against it.  Motion at pg. 6.  Universal's claims against Cooper are for indemnity.  Universal's Answer and Cross-Claim, *Ovlas Trading S.A. v. Snow Crystal Shipping Ltd., et al.*, ¶ 46 (E.D. La. March 20, 2009) ("Cross-Claim.").  Cooper argues that, since Universal did not contribute to the settlement Ovlas received, and since Universal only states an indemnity claim against Cooper for its potential liability to *Ovlas*, not for its potential liability to *Snow* for damage to the M/V SNOW CRYSTAL, Universal has no basis on which to seek indemnity from Cooper.[2]  Motion at pp. 3-4.  Universal retorts that it has properly asserted an indemnity claim against Cooper for its potential liability to Snow for damage to the M/V SNOW CRYSTAL.  Opposition at pp. 3-4.  Because the allegations in Universal's cross-claim are sufficient to state an indemnity claim against Cooper for Universal's potential liability to Snow for vessel damage, Cooper's challenge to Universal's Cross-Claim against it is unpersuasive.

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *quoting Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Federal

---

[2]Universal alleges that, although Snow has not asserted any claims against it in this action for damage to the M/V SNOW CRYSTAL, Snow has asserted claims against Universal in an arbitration proceeding in London for damage to the M/V SNOW CRYSTAL.  Universal Reefers, Ltd.'s Memorandum in Opposition to Cooper's Motion for Summary Judgment, *Ovlas Trading, S.A. vs. Snow Crystal Shipping, Ltd., et al.*, pp. 2-4 (E.D. La. January 25, 2010) ("Opposition").  Universal also alleges that a provision of Snow's contract with Universal obligates Snow and Universal to submit their disputes to binding arbitration in London.  *Id.*

Rule of Civil Procedure 8, and the relevant case law, do not "require an inordinate amount of detail or precision." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 451 (5th Cir. 2002), *quoting St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000). "The form of the complaint is not significant *if it alleges the facts upon which relief can be granted*, even if it fails to categorize correctly the legal theory giving rise to the claim." *Id.* (emphasis added). Fed. R. Civ. Proc. 8(a) merely requires that "a complaint give 'notice of the circumstances which give rise to the claim,' and 'sufficient information to outline the elements of [the plaintiff's] claim or to permit inferences to be drawn that these elements exist.'" *Stewart Title Guar. Co. v. Derivaux*, No. 07-199, 2009 WL 5216050, at *3 (S.D. Miss. Dec. 29, 2009), *quoting Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

In its Cross-Claim, Universal briefly describes the events surrounding the fire aboard the M/V SNOW CRYSTAL and states that

> "[t]he resulting damage to the vessel is estimated to be in excess of $300,000 . . . Cooper and [New Orleans Cold Storage] are solely responsible for damage they caused to the cargo and the vessel itself [and,] [i]f the Court should find Universal liable *to plaintiff* [i.e., Ovlas] . . . then Universal is entitled to full indemnification . . . from Cooper and [New Orleans Cold Storage]."

Universal cross-claim at ¶¶ 44-46 (emphasis added). Since Universal only explicitly seeks indemnification from Cooper for liability to *Ovlas* for damage to the M/V SNOW CRYSTAL, Cooper argues that Universal has failed to assert an indemnification claim against it for liability to *Snow*. Motion at pp. 3-4. Cooper's argument is based upon an overly-technical reading of

Universal's counter-claim. Though the Cross-Claim does not explicitly state a claim for indemnification for liability to Snow, it does allege the facts necessary to state a claim for indemnification for liability arising from damage to the vessel. Whether Universal's primary liability for vessel damage was to Ovlas or Snow is immaterial to determining the sufficiency of its indemnity claim. *Smith*, 298 F.3d at 451, *quoting St. Paul Mercury Ins.*, 224 F.3d at 434 ("The form of the complaint is not significant if it alleges the facts upon which relief can be granted.")

### b. The Sufficiency of Universal's Claim against Cooper

In its Reply, Cooper argues that Universal's indemnity claim for damage to the vessel should be dismissed, or in the alterative stayed, because the arbitration proceeding between Universal and Snow in London has not yet determined the extent of Universal's liability to Snow for damage to the vessel. Defendants' Reply Memorandum in Support of Motion for Summary Judgment on the Cross-Claim Brought by Universal Reefers, Ltd., pg. 3. While Cooper is correct that the Court cannot determine the extent of Universal's indemnity claim for its liability to Snow until its liability to Snow is determined in the London arbitration, that does not mean that Snow's claim must be dismissed. *See Suire v. Lafayette city-Parish Consol. Government*, 04-1459, p. 18 (La. 4/12/05); 907 So.2d 37, 51 (deferring indemnity claim until determination of liability). In the interest of efficiently managing its docket, the Court also declines to stay Universal's indemnity claim against Cooper, which is within its discretion. *See Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (stating that the district court "may consider staying" one party's indemnification claims pending before another tribunal).

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment on the Cross-Claim Brought by Universal Reefers, Ltd. (Rec. Doc. 61)** filed by Defendants Cooper/T. Smith Stevedoring Company, Inc., Cooper/Consolidated, CSA Equipment Company, LLC, and New Orleans Cold Storage is **DENIED**.

This 22nd day of February 2010.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE